[784 NYS2d 892]

In the Matter of KENNETH B. CARNESI (Admitted as KENNETH BRIAN CARNESI), an Attorney, Resignor.

Second Department, November 29, 2004

**APPEARANCES OF COUNSEL**

*J. Bruce Maffeo*, New York City, for resignor.

*Robert P. Guido*, Hauppauge, for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Kenneth B. Carnesi has submitted an affidavit dated May 13, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Carnesi was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 1, 1983, under the name Kenneth Brian Carnesi.

Mr. Carnesi has been informed by the Grievance Committee that evidence of professional misconduct on his part has been adduced by its ongoing investigation and that charges would definitely be prosecuted in a disciplinary proceeding against him to be recommended to the Grievance Committee. On or about December 15, 1994, HNR Investments, N.V., a Netherlands Antilles Corporation (hereinafter HNR), commenced an action in the United States District Court for the Eastern District of New York against Mr. Carnesi individually, against his law firm, and against a corporation known as Banfinanz, Ltd., of which he was the president and a 50% shareholder. The action, inter alia, alleged fraud, professional malpractice, and breach of contract and sought damages in the sum of $303,247.15. HNR obtained a default judgment against all defendants in the sum of $325,290.38.

On or about May 25, 2000, United States District Court Judge Arthur Spatt signed a stipulation and order directing Mr. Carnesi, individually, to pay HNR the sum of $160,000 by July 7, 2000, in full satisfaction of the judgment. The stipulation and order further provided that Mr. Carnesi and his firm would be adjudged in contempt if he failed to comply, and that all defendants would be sanctioned in the sum of $325,390.30 and compelled to pay the full judgment. Mr. Carnesi admits that he willfully failed to pay the $160,000 by July 7, 2000, and that the judgment remains unsatisfied.

In or about May 1996 Paine Webber Incorporated (hereinafter PaineWebber) commenced an action against both Mr. Carnesi, individually, and his law firm to recover damages for conversion, fraud, and unjust enrichment for failing to return the sum of $100,000 which PaineWebber had mistakenly delivered to them. On or about June 5, 1997, the parties entered into a settlement agreement whereby Mr. Carnesi agreed to pay $100,000 in installments by September 6, 1997. Mr. Carnesi executed a confession of judgment allowing PaineWebber to enter judgment against the defendants in the sum of $120,000, less any payments, in the event he failed to fully pay the agreed-upon settlement.

As of September 6, 1997, Mr. Carnesi paid PaineWebber the sum of $75,000. No further payments were made. A default judgment was entered against Mr. Carnesi and the firm in the sum of $45,000 based upon his default in satisfying the settlement agreement. The judgment has not been satisfied to date.

Mr. Carnesi acknowledges his inability to defend himself on the merits against any disciplinary charges which could be initiated against him based upon the aforesaid acts of professional misconduct. He avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone.

Mr. Carnesi has discussed his decision to resign with his attorney, J. Bruce Maffeo, as well as others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years. Mr. Carnesi's resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee confirms that partial restitution has been made and recommends acceptance of the proffered resignation.

Based on the foregoing, Mr. Carnesi's resignation is accepted, effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and COZIER, JJ., concur.

Ordered that the resignation of Kenneth B. Carnesi, admitted as Kenneth Brian Carnesi, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth B. Carnesi, admitted as Kenneth Brian Carnesi, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Kenneth B. Carnesi, admitted as Kenneth Brian Carnesi, shall promptly comply with this Court's rules govern-

ing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth B. Carnesi, admitted as Kenneth Brian Carnesi, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Kenneth B. Carnesi, admitted as Kenneth Brian Carnesi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).